THE STATE OF OHIO, APPELLEE, *v.* MONTGOMERY ET AL., APPELLANTS.

(No. C-800977—Decided January 6, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer* and *Mr. Claude E. Crowe,* for appellee.

*Messrs. Rimedio & Walk* and *Mr. Rodger Walk,* for appellant Curtis Lee Montgomery.

*Messrs. Sirkin, Pinales & Schwartz* and *Mr. H. Louis Sirkin,* for appellant John A. Phipps.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendants were indicted along with co-defendant, Angela Ballew, for selling schedule II controlled substances in violation of R.C. 2925.03(A)(7). Angela Ballew decided to testify for the state, and her attorney gave law enforcement personnel a written statement of her proposed testimony. The prosecutor failed to disclose the existence of the statement in accordance with defendants' request under Crim. R. 16(B). When the prosecutor's default was discovered during trial, the court granted defendants' motion for a mistrial and reset the cause for a new trial. Defendants later moved to dismiss the indictment alleging that a second trial would constitute double jeopardy. This motion was overruled and defendants appealed to this court. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254. Because we do not believe that the prosecutor intended to instigate a mistrial and because we believe that the defendants' opportunity for a fair trial has not been prejudiced, we affirm the overruling of defendants' motion to dismiss the indictment.

The prosecution came into possession of Angela Ballew's written statement in the following manner. When Ballew decided to testify against her co-defendants, she and her attorney went to the prosecutor's office for an interview.

Her attorney brought along her written statement because she had directed him to give it to the prosecutor. Although the attorney cannot say to whom he handed the statement, he remembers asking for a copy in return. The police officers present during the interview also remember seeing and reading the statement. However, the trial was well under way and Ballew was testifying before the defendants were made aware of the existence of her statement. The original statement was later "found" in the prosecutor's file, although Mr. Crowe, the attorney in charge of that file, swears he does not remember placing it there.

The issue with which we are presented is whether the defendants can be retried consistently with the doctrine of double jeopardy, when their first trial ended in a mistrial due to the prosecutor's violation of Crim. R. 16(B). Speaking of double jeopardy, the Supreme Court has said:

"The underlying idea, one that is deeply engrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green* v. *United States* (1957), 355 U.S. 184, 187-188.

The defendant has a "valued right to have his trial completed by a particular tribunal," but it is not an absolute right. *Wade* v. *Hunter* (1949), 336 U.S. 684, 689. The defendant's right must be balanced against the public interest in convicting the guilty. *Lee* v. *United States* (1977), 432 U.S. 23.

The general rule is that retrial is not barred when the mistrial is requested by

defendants and granted on their behalf.[1] In determining whose interest shall prevail, the public's or the defendants', the critical inquiry is whether the defendants' opportunity for acquittal has been impaired by the mistrial; in the obverse, it is whether the prosecution has, as a result of the mistrial, gained an advantage in the subsequent trial.[2]

The factors favoring a new trial in the instant case and affirmance of the judgment below are several. Although the mistrial was caused by the prosecutor's failure to disclose under circumstances that imply negligence (when most charitably viewed), the prosecutor obviously did not intend to cause a mistrial. If anything, he wished to proceed to judgment in the first trial, and the declaration of a mistrial was to his disadvantage. On the other hand, the defendants' now have the advantage of having Ballew's testimony in the first trial as well as her written statement, and they have information superior to what they had at the first trial.

We also note that traditionally, the relief afforded defendants who have been denied due process because the prosecution has failed to disclose exculpatory evidence, has been a new trial and not dismissal and discharge.[3]

Because we do not perceive any substantial prejudice to defendants' right to a fair trial, we conclude that the court made no error.

The prosecutor asserts that the statement of Angela Ballew was not within the ambit of Crim. R. 16(B). We disagree. That rule, in part, provides:

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

"(a) Statement of defendant or codefendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or codefendant, or copies thereof; * * *'"

The broad language of the rule obviously encompasses Ballew's statement. The prosecutor is charged with the knowledge that it had been read by law enforcement personnel and that it was

---

[1] An exception to the general rule is that when the defendant is forced by prosecutorial manipulation to ask for a mistrial, retrial is barred. In the instant case, however, we find no evidence of such intentional manipulation by the prosecutor.

[2] Another important factor in weighing the public interest against that of the defendants, is whether the mistrial was dispositive of any of the factual elements concerning defendants' guilt or innocence. This is of critical importance if the termination of the first trial is in defendant's favor, i.e., that it is tantamount to an acquittal. In this case the judge granted the mistrial to permit defendants to strengthen their case for retrial. There was no finding by the court tending to exculpate defendants.

[3] In *Arizona* v. *Washington* (1978), 434

U.S. 497, defendant's murder conviction was set aside because the prosecution withheld exculpatory evidence from the defense. During the new trial, defense counsel made improper remarks concerning the prosecutor's misconduct at the first trial, and the prosecution moved for a mistrial which was granted. The court held that the Double Jeopardy Clause did not prohibit the state from trying the defendant for a third time. While the court's analysis in *Washington* was to resolve a defense-produced mistrial (as opposed to a prosecution-produced mistrial, as in this case), we cite *Washington* to support our conclusion that the Double Jeopardy Clause does not necessarily bar the retrial of a defendant who has been unfairly treated in a prior trial due to a prosecutorial mistake in failing to disclose exculpatory information.

therefore available to him. It was found in his possession. The defendants had a right to discover the statement under Crim. R. 16(B)(1)(a)(i).[4]

The judgment below is affirmed, and the cause is remanded for further proceedings.

*Judgment affirmed and cause remanded.*

BLACK, P.J., KEEFE and KLUSMEIER, JJ., concur.

---

[4] This is the second time in recent weeks that the prosecutor's default in complying with the discovery rules has been the subject matter of an assignment of error. A criminal prosecution is an adversary proceeding, and the prosecutor is expected to promote vigorously the public interest in convicting criminals. This must be done, however, in the context of the constitutional rights guaranteed to a free people under the United States Constitution. Evidence to which an accused is entitled as a matter of due process or under the Criminal Rules shall not be withheld or suppressed. *Giles* v. *Maryland* (1966), 386 U.S. 66; *Brady* v. *Maryland* (1963), 373 U.S. 83. Every violation to the prejudice of defendants causes an unwarranted expenditure of time, effort and public money, taking into consideration the appeal and the second trial.