CITY OF WADSWORTH, APPELLEE, *v.* GAIRING, APPELLANT.

---

[5] The prurient interest need not be that of the average person.

(No. 1595—Decided
September 2, 1987.)

*Norman E. Brague,* director of law, for appellee.
*Dennis E. Paul,* for appellant.

GEORGE, J. Defendant-appellant, Daniel R. Gairing, was charged with driving under the influence of alcohol and driving with a prohibited blood-alcohol level. Wadsworth Code Section 333.01(A). On the first day of his jury trial after the jury was sworn but before opening statements, defense counsel asked for a mistrial due to the prosecutor's failure to advise the defendant of the name of the city's expert. Crim. R. 16(B)(1)(e). The trial court gave defendant the option of a recess for a few days to allow the defendant to investigate the qualifications of the expert and his possible testimony. Defense counsel refused the offer of a recess because of his own trial schedule and the availability of his expert. This resulted in the trial court's granting the defendant's motion for a mistrial. The defendant waived any claim which might be made as to double jeopardy.

When the case came up for trial again, the city did not call its expert. The jury heard the evidence and returned unable to reach a verdict. A second mistrial was declared. Thereafter, the defendant moved to dismiss the charges against him on the grounds of double jeopardy. The city opposed the motion and the trial court denied the motion to dismiss. From this ruling the defendant appeals.

The defendant urges error because the first trial resulted in a mistrial when the prosecutor did not provide defense counsel with the name of the city's expert and the second trial resulted in a hung jury. The requirement that discovery be given once a request therefor is served does not require a party to speculate or even to list all possible witnesses. It does require that the answering party furnish the names of all witnesses known and intended to be called at the time that discovery is requested. Crim. R. 16(B)(1)(e). The rule further provides that discovery once given is to be supplemented upon further knowledge of additional witnesses.

At the first trial once the jury was sworn in, defense counsel requested a separation of witnesses and that his expert be exempt from the separation order. At that point the prosecutor indicated that he too would like an expert, who might be called upon to testify on rebuttal, to be exempt from the separation order. Upon inquiry the prosecutor's expert was identified by name.

It is apparent that the prosecutor furnished the names of all witnesses he reasonably anticipated calling in response to the discovery request. The prosecutor's intention to use an expert arose at trial when the defendant indicated that he would have an expert. Under such circumstances the discovery was timely since the prosecutor notified the defendant at the very moment he himself believed he might call an expert witness on rebuttal. Additionally, the trial court provided an opportunity for defense counsel to examine the city's expert witness before continuing with the trial and the defense choose to have a mistrial declared and to begin at another time. The need for a second trial resulted from the defendant's actions, not the prosecutor's. See *State* v. *Montgomery* (1982), 3 Ohio App. 3d 280, 3 OBR 326, 445 N.E. 2d 254.

The prosecutor's failure to provide the name of an expert witness until the moment he knew he might need such a witness is not prosecutorial misconduct. The defendant was not forced by prosecutorial manipulation to request a mistrial. See *State* v. *Montgomery, supra.*

At the second trial the jury did not return any verdict. The jury was unable to agree upon a verdict and in such a case double jeopardy does not bar a retrial of the cause. *United States* v. *Sanford* (1976), 429 U.S. 14; *Green* v. *United States* (1957), 355 U.S. 184; and *United States* v. *Perez* (1824), 22 U.S. (9 Wheat.) 579.

When the jury is unable to agree upon a verdict there is a manifest need to declare a mistrial, as was done here. *Ohio* v. *Johnson* (1984), 467 U.S. 493; and *State* v. *Davidson* (June 22, 1983), Hamilton App. Nos. C-820647, C-820677, and C-820678, unreported. The trial court has broad discretion in determining whether the test of manifest necessity has been met to justify the declaration of a mistrial. *Arizona* v. *Washington* (1978), 434 U.S. 497. When a verdict cannot be reached, the trial judge properly exercises his discretion in declaring a mistrial.

Thus, a retrial is not barred by the doctrine of double jeopardy where the jury returned, but was unable to reach, a verdict. The assignment of error is overruled and the matter is remanded for further proceedings.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.

BAIRD, P.J., concurring. The defendant has not advanced any argument that the waiver of any double jeopardy claim was not effective when made. This eliminates the need to discuss the events of the aborted first "trial." There is nothing in the record to show that the events of the second trial should breathe life back into an otherwise dead double jeopardy claim.