OPINION
{¶ 1} This is an appeal by the State of Ohio from a decision of the Court of Common Pleas of Tuscarawas County granting judicial release to Appellee.
 STATEMENT OF FACTS AND CASE
{¶ 2} Appellee, in 1998, had entered no contest pleas to one count of kidnapping and one count of theft. He failed to appear for sentencing.
{¶ 3} Upon his arrest and return to Tuscarawas County, he was sentenced to four years on the kidnapping, one consecutive year on the theft and on a no contest plea to the subsequent plea to failing to appear (R.C. 2937.29), he received an additional one year with six months thereof to be served concurrently and six months consecutively, the combined total term of imprisonment to be five and one-half years.
{¶ 4} On March 7, 2000, after 180 days of incarceration, Appellee filed a motion for judicial release. The court found him eligible and denied the release.
{¶ 5} On June 20, 2001, Appellee filed a second such motion. Such motion was granted over Appellant's opposition that his motion was premature.
{¶ 6} The applicable statute R.C. 2929.02, provided that a judicial release motion could be filed after 180 days if the sentence was less than five years, but if five years or more, eligibility required that five years be served.
{¶ 7} R.C. 2929.20 was thereafter amended to provide that a prisoner sentenced to five years became eligible to file a judicial release motion after serving four years. This version of the statute was in effect at the time of the filing of the June 20, 2001, motion of Appellee.
{¶ 8} The State appealed the granting of the release order to this Court in 2002AP020006 and 2002AP020007.
{¶ 9} This Court reversed such decision, made the following statutory determination as to R.C. 2929.01 (GG) as it applied to R.C. 2929.20 and remanded:
{¶ 10} "R.C. 2929.01 (GG) defines `stated prison term' as follows: "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14 or 2971.03 of the Revised Code. `Stated prison term' includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or electronically monitored house arrest imposed after earning credits pursuant to section 2967.193 of the Revised Code.
{¶ 11} "Herein, appellee's `stated prison term' for both cases was five and one-half years. Accordingly, pursuant to R.C. 2929.20, appellee could not file his motion for judicial release until approximately August, 2003, after he had served the requisite prison time. We find the trial court erred in considering and granting appellee's motion."
{¶ 12} On September 11, 2002, Appellee moved for modification of sentence.
{¶ 13} The Court, in granting release, made the following conclusions of law with its Order.
{¶ 14} "Additionally, the Court considered the Defendant's 9/11/2002 Motion for Modification of Sentence which this Court construes/considers to be a renewed Motion for Judicial Release pursuant to Section 2929.20, Ohio Revised Code, implicating the Pre-3/28/2000 statute in full force and effect at the time of Defendant's initial Motion for Judicial Release (3/7/2000)."
{¶ 15} "Conclusions of Law
{¶ 16} "1. Defendant was not statutorily precluded from Judicial Release on 3/7/2000 under Section 2929.20(B), Ohio Revised Code, because Section 2929.20(B), Ohio Revised Code, on 3/7/2000, provided as follows:
{¶ 17} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time.
{¶ 18} "(2) Except as otherwise provided in Division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second or third degree, the eligible offender shall file the Motion not earlier than 180 days after the offender is delivered to a state correctional institution.
{¶ 19} "(3) If the stated prison term is five or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term. (1996 Am. Sub. S.B. No. 296, 146 Ohio Laws, Part VI, 10, 950.)
{¶ 20} "2. Section 2929.20(B)(3), Ohio Revised Code, prior to 3/28/2000, was an anomaly inasmuch as it precluded eligible offenders sentenced to five (5) years, from filing for Judicial Release while eligible offenders sentenced to longer or shorter terms were permitted to file.
{¶ 21} "3. Section 2929.20(B)(3), Ohio Revised Code, as revised and as effective on 3/28/2000 corrected the Pre-3/28/2000 anomaly and provided as follows:
{¶ 22} "(3) If the stated prison term is five years, the eligible offender may file years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term. (Emphasis added).
{¶ 23} "4. The decision of the Court to grant Judicial Release is a part of the original sentence, albeit a reduction in the amount of prison time the offender must serve. (See State v. Peoples, supra, at P. 450).
{¶ 24} "5. Thus, the appropriate (Judicial Release) statute to consider in this case is the statute in effect at the time this Defendant was sentenced, i.e. 8/30/1999. (See State v. Peoples, supra, at P. 450). (Also see State v. Radcliff, [April 17, 2002], Delaware App. No. 02CAA01004, 2002 WL 598507).
{¶ 25} "6. The Court of Appeals, in this case, (Appellate Case Nos. 2002AP020006 and 2002AP020007) in its 8/20/2002 Opinion did not distinguish between Pre-3/28/2000 Section 2929.20(B)(3), Ohio Revised Code, and Post-3/28/2000 statute, and, in doing so, did not address the constitutionality of the Pre-3/28/2000 statute.
{¶ 26} "7. Section 2929.20, Ohio Revised Code, on 3/7/2000, the date Defendant filed his initial Motion for Judicial Release, was unconstitutional, (see State v. Strausbaugh, supra, State v. Douglas, supra, and State v. Peoples, supra) and was violative of this Defendant's right to equal protection of the laws under the 14th Amendment to the United States Constitution. (See State v. Brody, [7/16/99] Lake App. No. 98-L-165, 1999 WL535283).
{¶ 27} "8. When the `offending' language is judicially removed from Section 2929.20(B)(3), Ohio Revised Code, as that statute existed, on 3/7/2000, in order to cure the constitutional defect, the Defendant in this case must be declared to have filed his 3/7/2000 Motion for Judicial Release in a timely manner and was, in fact, and law, an eligible offender and that he was not then statutorily precluded from filing his Motion for Judicial Release and, consequently, Section 2929.20(B)(2), Ohio Revised Code, applied to this Defendant's 3/7/2000 Motion for Judicial Release.
{¶ 28} "9. Section 2929.20(C), Ohio Revised Code, provides as follows, in relevant part:
{¶ 29} "(C) [I]f a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender.
{¶ 30} "10. Defendant filed his `Motion for Modification of Sentence' on 9/11/2002, which this Court considers to be renewed and timely filed Motion for Judicial Release pursuant to Section 2929.20, Ohio Revised Code, raising novel legal arguments in support of said Motion which the undersigned cannot, in conscience, disregard and which are so compelling as to require the declaration of Pre-3/28/2000 Section2929.20(B)(3), Ohio Revised Code, unconstitutional and in violation of this Defendant's rights to equal protection of the laws under the14th Amendment to the United States Constitution.
{¶ 31} "11. Defendant's 9/11/2002 Motion for Modification of Sentence must be construed as a renewed Motion for Judicial Release pursuant to Section 2929.20, Ohio Revised Code, citing novel legal authority and must be granted for the reasons set forth above."
{¶ 32} We sustain the Appellant's Assignment of Error in that the Opinion of this Court, as previously stated, determined the effect of the applicable statute required that Appellee was not eligible for judicial release until approximately August, 2003.
{¶ 33} The constitutional basis is inapplicable as the law of the case doctrine controls and also the aggregate sentence was five and one-half years not five years, as determined in the prior appeal.
{¶ 34} We, therefore, reverse the decision of the trial court and vacate its judgment granting judicial release. Appellee shall be required to serve the period of incarceration stated in our prior decision before eligibility is available.