DECISION AND JOURNAL ENTRY
{¶ 1} The State of Ohio appeals from a decision of the Lorain County Court of Common Pleas granting judicial release to Defendant, Bennett Jones. We reverse.
 {¶ 2} On March 10, 1999, the Lorain County Grand Jury issued an indictment against Defendant for attempted aggravated murder, a violation of R.C. 2923.02(A)/2903.01(B), aggravated robbery, a violation of R.C.2911.01(A)(1) and (A)(3), aggravated burglary, a violation of R.C.2911.11(A)(1), and felonious assault, a violation of R.C. 2903.11(A)(2).
 {¶ 3} On March 17, 1999, Defendant entered a plea of not guilty. He withdrew that plea and on November 5, 1999, entered a guilty plea to the charges in the indictment. On February 7, 2000, Defendant was given a three year sentence on Counts 1 through 3, consecutive to a two year sentence on Count 4. He was also ordered to serve a mandatory three year firearm specification, for a total of eight years.
 {¶ 4} On August 13, 2003, Defendant moved for judicial release under R.C. 2929.20 and requested a hearing. The hearing was held on September 22, 2003. The court granted Defendant's motion and imposed five years of judicial release to be monitored by the Adult Parole Authority. On September 29, 2003, the State filed a motion to revoke judicial release. A hearing was held on that motion on October 14 of the same year. Before the trial court came to a decision, the State appealed the court's decision granting judicial release and raised one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred when it released the Defendant, as he was ineligible for judicial release according to [R.C.] 2929.20 and established Ohio case law."
 {¶ 5} In its sole assignment of error, the State maintains that Defendant was ineligible for judicial release under R.C. 2929.20, and thus it was in error that the trial court released him. Defendant had served the three year mandatory firearm specification and less than seven months of his stated prison term when the trial court granted him judicial release. The State claims that having served less than seven months of his five year stated prison term, Defendant was ineligible for judicial release under R.C. 2929.20. We agree.
 {¶ 6} Defendant was sentenced to a total of eight years in prison, three of those years being a mandatory firearm specification. Under R.C.2929.20, the time period to file a motion for judicial release does not begin to run until after the expiration of the mandatory portion of the prison term. "If the offender's stated prison term includes a mandatory prison term, * * * the time for filing the motion [for judicial release] does not begin to run until after the expiration of the mandatory portion of the prison term." R.C. 2929.20(B)(5). Therefore, in calculating when Defendant becomes eligible to file a motion for judicial release, the three years that he served for the mandatory firearm specification do not count towards his stated prison term.
 {¶ 7} In their appellate briefs, both the State and the Defendant agree that the version of R.C. 2929.20 that was in effect at the time of Defendant's sentencing should apply to determine when Defendant becomes eligible to apply for judicial release. In its reply brief, the State changes its argument and maintains that the current version of R.C. 2929.20
should apply. Under either the original or amended version of R.C. 2929.20, the trial court erred in releasing the defendant after he had served only the mandatory firearm specification and less than seven months of his five year stated prison term.
 {¶ 8} The present version of R.C. 2929.20, effective March 23, 2000, reads in pertinent part as follows:
"(B) * * * a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. * * * An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
"(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term."
In contrast, R.C. 2929.20(B)(3) previously read "[i]f the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term."
 {¶ 9} Under former 2929.20, Defendant must serve the firearm specification and five years of his stated prison term before he can become eligible for release. Under R.C. 2929.20 as amended, Defendant would have become eligible for release after he had served the three year firearm specification and four out of five years of his stated prison term. The trial court released Defendant after he had served the mandatory term and only seven months of his stated term. Applying either form of R.C. 2929.20, Defendant was ineligible for judicial release.
 {¶ 10} While Defendant's release was improper under either version of R.C. 2929.20, the original form applies to this case, as it was in effect at the time Defendant was sentenced. Defendant was sentenced on February 7, 2000, before R.C. 2929.20 was amended. "The decision of the sentencing court to grant judicial release is part of the original sentence[.] * * * Thus, the appropriate statute to consider is the statute that was in effect at the time [Defendant] was sentenced." State v. Peoples,151 Ohio App.3d 446, 2003-Ohio-151, at ¶ 21-22; State v. Williams, 5th Dist. No. 2003AP040029, 2003-Ohio-5998, at ¶ 24. See, also, State v.Radcliff, 5th Dist. No. 02CAA01004, 2002-Ohio-1837, at ¶ 10.
 {¶ 11} R.C. 1.58 governs the effect of an amendment to a statute. R.C. 1.58(B) provides that if the penalty for an offense is reduced by a re-enactment or amendment of a statute, the penalty or punishment, if not already imposed, shall be imposed according to the statute as amended. See Ohio v. Kaplowitz, 100 Ohio St.3d 205, 2003-Ohio-5602, at ¶ 8-9. Defendant maintains, and we agree, that R.C. 1.58 requires the original R.C. 2929.20 to apply to Defendant since his sentence had been imposed prior to the time the amendments of the sentencing law became effective.
 {¶ 12} While Defendant argues that "the original version of [R.C.]2929.20(B)(3) must be applied as written," he maintains that the provision of the statute that requires an offender who is sentenced for five years to serve the entire five years is unconstitutional. We disagree.
 {¶ 13} In State v. Vincer (Sept. 22, 1999), 9th Dist. No. 98CA007117, this court upheld the constitutionality of former R.C. 2929.20(B)(3).
"We conclude that the distinction created by R.C. 2929.20(B)(3) withstands constitutional scrutiny. With regard to judicial release, the Ohio General Assembly has determined that any sentence of five years or greater reflects punishment for a serious crime and is of such gravity that those offenders who are subject to R.C. 2929.20(B)(3) should serve at least five years of their sentence before they may be permitted to petition the sentencing court for judicial release." Id. at 6.
Therefore, under the holding of this court in Vincer, an individual sentenced to serve between five and ten years in prison must serve at least five years of that sentence before becoming eligible for judicial release under the original provisions of R.C. 2929.20. Vincer, supra, at 6.
 {¶ 14} The decision of the trial court to grant Defendant's motion for judicial release is against the authority of Vincer and R.C. 2929.20. Former R.C. 2929.20 was in effect at the time Defendant was sentenced and thus controls his eligibility for judicial release. Applying former R.C.2929.20, Defendant will not become eligible for judicial release until he has served the entire five year portion of his stated prison term. Based on R.C. 2929.20 and Vincer, Defendant's judicial release must be revoked.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Boyle, J., concur.