The STATE of Ohio, Appellant,

v.

PEOPLES, Appellee.

[Cite as *State v. Peoples,* 151 Ohio App.3d 446, 2003-Ohio-151.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–363.

Decided Jan. 16, 2003.

Ron O'Brien, Franklin County Prosecuting Attorney, and Heather R. Saling, Assistant Prosecuting Attorney, for appellant.

David H. Bodiker, State Public Defender, and Luis Delos Santos, Assistant Public Defender, for appellee.

LAZARUS, Judge.

{¶ 1} Plaintiff-appellant, state of Ohio ("state"), appeals from the March 26, 2002 judgment entry granting defendant-appellee Leo H. Peoples's motion for judicial release. For the reasons that follow, we remand this case to the trial court for the purpose of making the required findings under R.C. 2929.20(H).

{¶ 2} On July 15, 1997, the Franklin County Grand Jury indicted Peoples on one count of carrying a concealed weapon in violation of R.C. 2923.12, one count of felonious assault in violation of R.C. 2903.01 with a firearm specification under R.C. 2941.145, and one count of resisting arrest in violation of R.C. 2921.33 with a firearm specification.

{¶ 3} On January 27, 1998, Peoples entered into a plea agreement in which he pleaded guilty to one count of felonious assault with a firearm specification. A nolle prosequi was entered on the remaining counts. The trial court sentenced Peoples to five years' imprisonment on the felonious assault count, and three

years for the firearm specification, with the sentences to run consecutively. The trial court entered the judgment of conviction on March 23, 1998.

{¶ 4} While in prison, Peoples apparently corresponded with the sentencing judge about the possibility of judicial release. In a letter dated June 1, 1998, the judge wrote to Peoples as follows:

{¶ 5} "I am getting your letters. Keep up the good work. It is important that your institutional report [be] good during the next 3 years.

{¶ 6} "If you have not graduated from high school or you need to get your GED, you can get it there. Take advantage of any programs they offer you. The more certificates you get—the better. *No rules infractions.* All of this is important for you to be considered. It is not automatic. Your performance in prison will weight [sic] heavily on my decision." (Emphasis sic.)

{¶ 7} On October 10, 2001, Peoples filed a motion for judicial release pursuant to R.C. 2929.20. On October 26, 2001, the state opposed the motion in a two-sentence memorandum contra that did not state a basis for the opposition. On March 21, 2002, Peoples filed a supplemental motion for judicial release, raising the issue of the constitutionality of former R.C. 2929.20(B)(3), which precluded offenders sentenced to exactly five years from filing for judicial release until they had served five full years. The trial court conducted a hearing on the motion that day. The state's representative said very little at the hearing except to note an objection to the decision to grant the motion. On March 26, 2002, the trial court filed an entry granting the motion for judicial release, but the trial court did not specify which version of the statute it was applying in granting Peoples's motion.

{¶ 8} The state appealed, assigning as error the following:

{¶ 9} "I. The trial court erred in granting defendant's motion for judicial release when defendant was statutorily precluded from applying for judicial release under R.C. 2929.20(B).

{¶ 10} "II. The trial court erred in granting defendant's motion for judicial release in that the trial court failed to make the findings required by R.C. 2929.20(H)(1) and (2)."

{¶ 11} In its first assignment of error, the state argues that Peoples was not eligible to apply for judicial release. The state contends that the version of R.C. 2929.20(B) in effect prior to March 23, 2000, applies to the present case. The state further argues that under that version of the statute, Peoples was not permitted to apply for judicial release until after he had served five years of his stated prison term for the felonious assault count with the time for filing the motion beginning only after the expiration of the three-year mandatory prison term for the firearm specification. Thus, according to the state, Peoples should

have been required to serve his full aggregate sentence of eight years, and he was statutorily precluded from applying for judicial release.

{¶ 12} Peoples agrees with the state that the previous version of R.C. 2929.20 should govern his motion for judicial release because that was the law in effect at the time he was sentenced. However, Peoples contends that the provision in R.C. 2929.20(B)(3) that precludes an offender sentenced to an exact prison term of five years from filing a motion for judicial release before the five years have expired is unconstitutional. If the allegedly unconstitutional provision is excised, he argues, he filed his motion for judicial release in a timely manner, and the trial court did not abuse its discretion in granting judicial release.

{¶ 13} R.C. 2929.20, which provides for judicial release from prison, was part of the comprehensive revision of the sentencing system contained in Am.Sub. S.B. No. 2, effective July 1, 1996. See, e.g., *State v. Curik* (Mar. 7, 2002), Cuyahoga App. No. 80254, 2002 WL 366520 ("A provision in the law which authorizes a judge to impose a sentence or to reduce a sentence is a sentencing provision"). Both the statute in effect at the time Peoples was sentenced and the amended statute permit a sentencing court to reduce the stated prison term of an "eligible offender." R.C. 2929.20(B). Peoples qualified as an eligible offender under both versions of the statute because, at the time he applied for judicial release, he had served the three-year mandatory sentence for the firearm specification, and was in the process of serving his sentence for felonious assault, a felony of the second degree. R.C. 2929.20(A)(1)(c) (former statute); R.C. 2929.20(A)(2) (amended statute).

{¶ 14} As in effect when Peoples was sentenced, R.C. 2929.20(B) provided:

{¶ 15} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:

{¶ 16} " * * *

{¶ 17} "(2) Except as otherwise provided in division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender shall file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.

{¶ 18} "(3) If the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term." 1996 Am.Sub.S.B. No. 296, 146 Ohio Laws, Part VI, 10, 950.

{¶ 19} Apparently recognizing the anomaly in the statute that precluded eligible offenders sentenced to five years from filing for judicial release while eligible offenders sentenced to longer or shorter terms were permitted to file, the General Assembly enacted Am.Sub.S.B. No. 107, which made numerous changes to the criminal statutes. Among the changes, the legislature amended the prior version of R.C. 2929.20 with an effective date of March 23, 2000. Under the amended statute, an eligible offender sentenced to a prison term of five years can now file the motion for judicial release after serving four years. R.C. 2929.20(B)(3) now provides:

{¶ 20} "(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term."

{¶ 21} R.C. 1.58(B) provides that if the penalty for an offense is reduced by a reenactment or amendment of a statute, the penalty or punishment, *if not already imposed,* shall be imposed according to the statute as amended. Arguably, the amended version of R.C. 2929.20(B) reduces the penalty for eligible offenders sentenced to an exact term of five years because it now allows those offenders to file for judicial release after they have served four years instead of five years. However, R.C. 1.58 is not applicable to Peoples's case, because his sentence for the offense of felonious assault clearly had been imposed at the time the amendment to the sentencing laws became effective. The decision of the sentencing court to grant judicial release is part of the original sentence, albeit a reduction in the amount of prison time the offender must serve.

{¶ 22} Support for this conclusion is contained in R.C. 2929.20(I), which provides that if the court grants a motion for judicial release, it shall place the eligible offender under an appropriate community control sanction and it "shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction." Thus, the appropriate statute to consider is the statute that was in effect at the time Peoples was sentenced.

{¶ 23} We find further support for this conclusion in *State v. Radcliff* (Apr. 17, 2002), Delaware App. No. 02CAA01004, 2002 WL 598507. In *Radcliff,* the defendant was sentenced on January 12, 1996, on one count of failure to appear. The trial court imposed a one-to-five-year term of imprisonment, but suspended the prison term in lieu of probation. Effective March 23, 2000, the criminal statute was amended to provide that the offense of failure to appear was a felony of the fourth degree with a possible six-to-eighteen-month sentence. On April 23, 2001, the defendant appeared on a probation violation, and the sentencing court revoked the defendant's probation and imposed a two-year determinate term of imprisonment. The defendant argued that the trial court should have applied the

amended statute, because the penalty for the offense had been reduced. The court of appeals disagreed, holding that the two-year term of imprisonment was not a new sentence, but a reimposition of the original sentence; thus, the defendant was bound by the law as it existed at the time the original sentence was imposed.

{¶ 24} Having determined that Peoples's motion for judicial release is appropriately considered under the statute as it existed at the time he was sentenced, we must examine his argument that the provision in R.C. 2929.20(B)(3) that precludes an offender sentenced to an exact prison term of five years from filing a motion for judicial release before the five years have expired is unconstitutional.

{¶ 25} The state directs us to *State v. Vincer* (Sept. 22, 1999), Lorain App. No. 98CA007117, 1999 WL 743897, in which the Ninth District Court of Appeals found the statute constitutional because "any sentence of five years or greater reflects punishment for a serious crime and is of such gravity that those offenders who are subject to R.C. 2929.20(B)(3) should serve at least five years of their sentences before they may be permitted to petition the sentencing court for judicial release."

{¶ 26} The court in *Vincer*, however, failed to explain why an offender sentenced to a five-year term of imprisonment could qualify under R.C. 2929.20(A) as an eligible offender who could move for judicial release, but the next section of the statute precluded him from filing for such release. The court also failed to examine how an eligible offender sentenced in the midrange for a second-degree felony, such as Peoples, is completely precluded from filing for judicial release while offenders sentenced to longer prison terms are permitted early release.

{¶ 27} We find more persuasive the logic in cases from other appellate districts that have found the statute unconstitutional. In *State v. McClendon* (Dec. 26, 2000), Fayette App. No. CA2000–02–005, 2000 WL 1875818, the court limited its holding to the case at hand, but nevertheless found that the disparity between other offenders serving longer and shorter terms being allowed to apply for judicial release was irrational and violated equal protection principles. In *State v. Brody* (July 16, 1999), Lake App. No. 98–L–165, 1999 WL 535283, the Eleventh District Court of Appeals found that the unequal treatment of offenders sentenced to exactly five years was arbitrary and bore no relation to the state's goals. The *Brody* court cited with approval a decision of the Meigs County Court of Common Pleas that found that the statute violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *State v. Strausbaugh* (1997), 87 Ohio Misc.2d 31, 33, 688 N.E.2d 1149 ("A person serving a five-year sentence should be a better candidate for judicial release than a person

serving an eight-year sentence in most, if not all, situations. The legislative intent is unclear as to why an individual sentenced to five years would not be eligible for judicial release. If there is some rational, reasonable basis for the distinctions made in R.C. 2929.20, and the restrictions it places upon the court, it is not apparent to this court"). See, also, *State v. Douglas* (Apr. 5, 2001), Tuscarawas App. No. 2000AP050045, 2001 WL 361011 (finding prior version of the statute to violate appellant's constitutional right to equal protection under the circumstances of the case).

{¶ 28}  We agree with the reasoning of those courts that have found that the provision in former R.C. 2929.20(B)(3) violates principles of equal protection. When the offending language is removed from the statute to cure the constitutional defect, we find that Peoples filed his motion for judicial release in a timely manner. By the time Peoples filed his motion for judicial release he had completed the three-year firearm specification and more than six months of the nonmandatory portion of his stated term. Thus, he was not statutorily precluded from filing his motion for judicial release, and the first assignment of error is not well taken.

{¶ 29}  In its second assignment of error, the state argues that the trial court erred in failing to make the findings required by R.C. 2929.20(H)(1) and (2). We agree.

{¶ 30}  A court may not grant judicial release to an offender sentenced to a first- or second-degree felony unless it makes certain findings pursuant to R.C. 2929.20(H). That section provides:

{¶ 31}  "(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless, the court, with reference to factors under section 2929.12 of the Revised Code finds both of the following:

{¶ 32}  "(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

{¶ 33}  "(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

{¶ 34}  "(2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in

that division and also shall list all the factors described in that division that were presented at the hearing."

{¶ 35} In this case, a review of the record shows that the trial court failed to make the required findings. This court has previously held that under such circumstances the case must be reversed and remanded to allow the trial court to make the necessary findings if supported by the facts of the case. *State v. Riley* (Oct. 31, 2000), Franklin App. No. 00AP–599, 2000 WL 1617854. In the absence of such findings, this court is unable to determine whether the trial court erred in granting Peoples's motion. The second assignment of error is sustained.

{¶ 36} Based on the foregoing, the first assignment of error is overruled and the second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded
for further proceedings.

DESHLER and KLATT, JJ., concur.