OPINION
{¶ 1} The Mahoning County Prosecutor's Office ("Appellant") is appealing a decision of the Mahoning County Court of Common Pleas granting judicial release to Appellee Jeffrey Best. Appellee filed four motions for judicial release from August of 2003 to April of 2004, and the trial court granted the fourth motion. Appellant argues that Appellee filed his fourth motion for judicial release beyond the time limit set in R.C. §2929.20(B)(1)(a), depriving the trial court of jurisdiction to entertain the motion. Appellee, though, relied on R.C. § 2929.20(C) to file his second and subsequent motions for judicial release, and this section of the judicial release statute allows for subsequent motions to be filed by the defendant beyond the time limit set in R.C. § 2929.20(B)(1)(a). The trial court properly held a hearing on Appellee's fourth motion for judicial release, continued the hearing, and granted the motion. The actions of the trial court were permitted by the judicial release statute and the decision is hereby affirmed.
 FACTS AND PROCEDURAL TIMELINE {¶ 2} On June 17, 2003, Appellee was sentenced on one count of passing bad checks (a fifth degree felony), three counts of theft (fourth degree felonies), and one count of misuse of a credit card (a fifth degree felony). The trial court imposed five separate prison terms of six months, to be served consecutively to each other, for a total of two and one half years in prison. Appellee was conveyed to a state correctional facility in Columbus on July 3, 2003.
 {¶ 3} On August 21, 2003, Appellee filed a motion for judicial release. The motion was overruled without a hearing on September 5, 2003. On September 23, 2003, Appellee filed another motion for judicial release. On October 31, 2003, Appellant filed an answer to the second motion for judicial release, informing the trial court that it had decided to stand silent concerning the matter. Appellee's second motion was overruled without a hearing on November 4, 2003.
 {¶ 4} On January 21, 2004, Appellee filed a third motion for judicial release. This motion was overruled without a hearing on January 30, 2004.
 {¶ 5} On April 16, 2004, Appellee filed his fourth motion for judicial release, which is the subject of the instant appeal by the Mahoning County Prosecutor's Office. On May 13, 2004, Appellant filed a reply to the fourth motion for judicial release, arguing that the motion was not filed within the time limits set by the judicial release statute. The court held a hearing on June 29, 2004. During the hearing, the attorneys became somewhat disrespectful to the trial judge and the hearing was abruptly recessed. The hearing was continued to July 20, 2004.
 {¶ 6} On August 9, 2004, the judge issued a judgment entry granting Appellee's motion for judicial release.
 {¶ 7} Appellant filed a premature appeal on July 26, 2004, designated as Appeal No. 04 MA 167. This Court filed a journal entry on September 3, 2004, directing Appellant to file a motion for leave to appeal, pursuant to App.R. 5(C). Appellant filed a Motion For Leave To Appeal on September 7, 2004, which was granted on October 4, 2004. The same journal entry denied Appellant's request for a stay of execution of the August 9, 2004, judgment.
 {¶ 8} On November 16, 2004, this Court dismissed Appeal No. 04 MA 167 and transferred all filings to Appeal No. 04 MA 203.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error, with two subissues, asserts:
 {¶ 10} "THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE'S FOURTH MOTION FOR JUDICIAL RELEASE.
 {¶ 11} "A. APPELLEE'S THIRD AND FOURTH MOTIONS FOR JUDICIAL RELEASE WERE OUTSIDE OF THE STATUTORY TIME LIMIT PRESCRIBED BY R.C. 2929.20(B)(1).
 {¶ 12} "B. THE COURT DENIED APPELLEE'S MOTION FOR JUDICIAL RELEASE AFTER THE JUNE 29, 2004 HEARING AND THUS, WAS PRECLUDED FROM GRANTING APPELLEE'S RELEASE IN THE FUTURE UNDER R.C. 2929.20(C)."
 Subissue Number One {¶ 13} Appellant's first subissue asserts that Appellee filed his fourth motion for judicial release outside the time limit set by statute.
 {¶ 14} Judicial release (formerly called "shock probation") is a means by which an imprisoned criminal may receive a reduced prison sentence after incarceration. Appellant contends that R.C. § 2929.20 sets forth mandatory time limits and procedures to be used in granting judicial release. The time periods for filing motions for judicial release vary depending on the length of the sentence and the type of crimes involved. Appellee committed fourth and fifth degree felonies, which are dealt with in R.C. § 2929.20(B)(1)(a):
 {¶ 15} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 {¶ 16} "(1)(a) Except as otherwise provided in division (B)(1)(b) or(c) of this section, if the stated prison term was imposed for a felonyof the fourth or fifth degree, the eligible offender may file the motionnot earlier than thirty days or later than ninety days after the offenderis delivered to a state correctional institution.
 {¶ 17} "(b) If the stated prison term is five years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 18} "(c) If the stated prison term is more than five years and not more than ten years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 19} "(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 {¶ 20} "(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 21} "(4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 22} "(5) If the offender's stated prison term includes a mandatory prison term, the offender shall file the motion within the time authorized under division (B)(1), (2), (3), or (4) of this section for the nonmandatory portion of the prison term, but the time for filing the motion does not begin to run until after the expiration of the mandatory portion of the prison term."
 {¶ 23} The term "eligible offender," as used in R.C. § 2929.20(B)(1), is defined in R.C. § 2929.20(A):
 {¶ 24} "(A) As used in this section, `eligible offender' means any person serving a stated prison term of ten years or less when either of the following applies:
 {¶ 25} "(1) The stated prison term does not include a mandatory prison term.
 {¶ 26} "(2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term."
 {¶ 27} It is clear from the record that Appellant was an eligible offender as defined by the statute. He was serving a prison term of two and one half years, and that prison term did not include any mandatory prison time, satisfying the statutory definition of eligible offender.
 {¶ 28} The parties acknowledge that Appellee was permitted to file an initial motion for judicial release within 30 to 90 days of being delivered to the state correctional facility in Columbus. The parties also agree that Appellant's first and second motions for judicial release were timely filed. Appellant contends, though, that Appellee's third and fourth motions were also required to be filed within the 30 to 90-day filing period stated in R.C. § 2929.20(B)(1)(a).
 {¶ 29} Appellee, on the other hand, argues that R.C. § 2929.20(C) sets no time limit for filing subsequent motions for judicial release once the trial court denies a motion for judicial release, and if no hearing on the previous motion took place:
 {¶ 30} "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without ahearing, the court may consider a subsequent judicial release for thateligible offender on its own motion or a subsequent motion filed by thateligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender." (Emphasis added.)
 {¶ 31} The question that we are presented with is whether or not the 30 to 90-day time limit in R.C. § 2929.20(B)(1)(a) impliedly restricts the discretion given to the trial court in the third sentence of R.C. §2929.20(C), which allows the trial court to consider subsequent motions for judicial release after the court denies a motion without a hearing.
 {¶ 32} The third sentence of R.C. § 2929.20(C) does not expressly impose this additional restriction on the trial court's discretion. Taken at face value, this section of R.C. § 2929.20(C) simply permits a trial court to entertain any and all subsequent motions for judicial release, once the court has already denied a motion without a hearing. This section of R.C. § 2929.20(C) does not say that the court may consider a subsequent motion for judicial release only if the motion is timely filed under the time limits set forth in R.C. § 2929.20(B)(1)(a). The first sentence of R.C. § 2929.20(C) uses the phrase "timely motion for judicial release." This phrase is conspicuously absent, however, in the third sentence of this section. The third sentence specifically addresses subsequent motions, including those made sua sponte by the court. One would expect the word "timely" to be repeated somewhere in this sentence if it applied to subsequent motions for judicial release.
 {¶ 33} Nevertheless, a certain amount of confusion arises when attempting to read the third sentence of R.C. § 2929.20(C) in relationship to the remainder of the statute. The exact relationship of sections (B) and (C) of the statute are open to a variety of interpretations, and we must rely upon longstanding rules of statutory construction in order to resolve the issue now before us.
 {¶ 34} This appeal necessarily involves the interpretation of a statute, which is an issue of law reviewed de novo on appeal without deference to the interpretation of the trial court. Dechellis v. Rakoss
(Sept. 26, 2001), 7th Dist. No. 00-C.A.-156.
 {¶ 35} The first and foremost goal of statutory construction is to determine and give effect to the intent of the legislature:
 {¶ 36} "In the construction of statutes the purpose in every instance is to ascertain and give effect to the legislative intent, and it is well settled that none of the language employed therein should be disregarded, and that all of the terms used should be given their usual and ordinary meaning and signification except where the lawmaking body has indicated that the language is not so used." Carter v. Division ofWater, City of Youngstown (1946), 146 Ohio St. 203, 65 N.E.2d 63, paragraph one of the syllabus.
 {¶ 37} In determining legislative intent, courts, "must look to the statute itself * * * and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act, and in the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." Wachendorf v. Shaver (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.
 {¶ 38} R.C. § 1.47 provides us with some of the most basic rules of construction for interpreting legislative enactments:
 {¶ 39} "In enacting a statute, it is presumed that:
 {¶ 40} "(A) Compliance with the constitutions of the state and of the United States is intended;
 {¶ 41} "(B) The entire statute is intended to be effective;
 {¶ 42} "(C) A just and reasonable result is intended;
 {¶ 43} "(D) A result feasible of execution is intended."
 {¶ 44} We must also keep in mind the "rule of lenity," originally a common law rule of statutory construction that has been codified in R.C. § 2901.04(A):
 {¶ 45} "(A) Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 46} Since the judicial release statute, R.C. § 2929.20, defines and affects certain aspects of the penalty phase of the criminal process, it is subject to the rule of lenity as set forth in R.C. § 2901.04(A). SeeState v. McConnell (2001), 143 Ohio App.3d 219, 223, 757 N.E.2d 1167;State v. Murphy (Apr. 13, 2000), Cuyahoga App. No. 76849.
 {¶ 47} Finally, it is clear that R.C. § 2929.20(B) and (C) deal with criminal procedural matters, as well as substantive law. The issue under review in this appeal is largely a procedural one, namely, the proper procedure for obtaining judicial release. For this reason, R.C. § 2929.20(B) and (C) are subject to the rule of statutory construction found in R.C. § 2901.04(B):
 {¶ 48} "(B) Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice."
 {¶ 49} With these various rules of construction in mind, we now address the issue at hand.
 {¶ 50} The decision of a trial court to grant judicial release is, in effect, part of the court's original felony sentence. State v. Peoples,151 Ohio App.3d 446, 2003-Ohio-713, 784 N.E.2d 713, at ¶ 21. The judicial release statute, R.C. § 2929.20, also appears immediately after the statutory provisions defining goals of felony sentencing, describing the basic categories of felonies, setting forth the rules for imposing prison terms and community control sanctions, and establishing the financial penalties that may be imposed on criminal offenders. R.C. § 2929.11-19. The judicial release statute must be viewed in the context of this larger felony sentencing scheme.
 {¶ 51} R.C. § 2929.11(A) defines the scope and objectives of felony sentencing:
 {¶ 52} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 53} Judicial release seeks to achieve both of those purposes. First, an offender is incarcerated in prison for a certain period of time before being permitted to request judicial release. This primarily serves the purpose of punishing the offender. The offender is then given the opportunity to have that prison sentence immediately suspended and replaced with community control sanctions, as set forth in R.C. §2929.20(I):
 {¶ 54} "(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction."
 {¶ 55} Replacing prison time with community control sanctions allows the court much more flexibility in achieving the second purpose of felony sentencing, which is to prevent future crime. Community control allows the trial court to prevent future crime by incorporating rehabilitative programs into the sentence, such as educational, training and treatment programs, intensive structured probation, drug and alcohol monitoring, victim-offender mediation, community service, and other types of rehabilitation. See R.C. §§ 2929.16(B), 2929.17.
 {¶ 56} It would appear that any ambiguity in the judicial release statute should be interpreted in favor of allowing the trial court as much flexibility as possible in applying judicial release in order to achieve the overarching purposes of felony sentencing.
 {¶ 57} Appellant relies on the case of State v. Anderson-Melton (Nov. 9, 2001), 2nd Dist. No. 18703, to establish that the trial court did not have discretion to entertain Appellee's fourth motion for judicial release. In Anderson-Melton, the defendant was sentenced in September 1998 to three consecutive sentences for fourth and fifth degree felonies. The sentences were 12 months, 11 months, and 12 months, respectively. The defendant did not file any motion for judicial release until September of 2000. The defendant argued that, pursuant to R.C. §2929.20(B)(1), she was entitled to file a motion for judicial release 30 days after the commencement of each of the three separate prison terms she received. The trial court agreed with her and determined that the motion for judicial release was timely. The prosecutor appealed, arguing that the time periods described in R.C. § 2929.20(B) refer to the aggregate prison term imposed, not to the prison term assigned to each count in an indictment. The Second District Court of Appeals agreed with the prosecutor and held that R.C. § 2929.20, "clearly does not allow for the filing of motions for judicial release at the outset of each sentence in a string of consecutive sentences." Id. at *1. According toAnderson-Melton, the time for filing a motion for judicial release is triggered by the time that the defendant is delivered to a state correctional institution, and not by the starting date of each separate prison term that is imposed. Id.; see R.C. § 2929.20(B)(1).
 {¶ 58} In the instant case, though, Appellee did not wait two years to file an initial motion for judicial release, as occurred inAnderson-Melton. Appellee filed his first motion within the 30 to 90-day window provided by the judicial release statute. Appellant acknowledges this. Therefore, the analysis and holding of Anderson-Melton do not readily apply to the facts of the instant appeal.
 {¶ 59} Appellant does not present any other persuasive authority for its interpretation of R.C. § 2929.20(B)(1)(a), or for its assertion that the time limits set forth in R.C. § 2929.20(B)(1) should be given priority over the judicial discretion granted in the third sentence of R.C. § 2929.20(C).
 {¶ 60} If R.C. § 2929.20(B)(1)(a) had specifically stated that its time limits only apply to an inmate's first motion for judicial release, our dilemma would be largely resolved. There are some indications in the statute implying that R.C. § 2929.20(B)(1)(a) applies only to the first motion for judicial release. For example, the statute consistently refers to "a motion" or "the motion," rather than "motions":
 {¶ 61} "(B) Upon the filing of a motion * * * a sentencing court may reduce the offender's stated prison term * * *. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 {¶ 62} "(1)(a) * * * the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution."
 {¶ 63} One would expect some reference to "subsequent motions" or "additional motions" if the filing deadlines applied beyond the first motion for judicial release. Instead, this section refers to a singular filing, while the later section clearly addresses multiple filings but does not specifically state whether the time guidelines apply to these multiple filings.
 {¶ 64} As stated in R.C. § 1.47(C), statutes must be interpreted to achieve just and reasonable results. It makes little sense that the legislature would allow the trial court to entertain subsequent motions for judicial release in R.C. § 2929.20(C), while, at the same time, appearing to bar many defendants from filing even one subsequent motion for judicial release based on the extremely tight time limits of R.C. §2929.20(B)(1)(a). This section provides a sixty day window within which a defendant like Appellee may file his motion; not earlier than thirty days, but not later than ninety days following incarceration. According to R.C. § 2929.20(C), a trial court is given sixty days to enter a ruling if the motion for judicial release is going to be denied without a hearing. Yet, if we agree with Appellant's argument, R.C. §2929.20(B)(1)(a) gives these defendants only this same sixty-day period in which to file any and all motions for judicial release or for the court to file these, sua sponte. Thus, even if a defendant filed his or her motion for judicial release on the very first day permitted by the statute, and the trial court used its entire statutorily-permitted sixty days to enter a ruling, that defendant is forever prevented from filing any subsequent motions in a timely fashion. Appellant's interpretation appears to assume that the legislature set up R.C. § 2929.20(B)(1)(a) and (C) in order to create a procedural trap for these defendants so that they may be easily and quickly prevented from either receiving a hearing or from filing subsequent motions for judicial release.
 {¶ 65} Furthermore, it is obvious from R.C. § 2929.20 that no other offenders would be limited in filing subsequent motions for judicial release except for those who committed fourth and fifth degree felonies and who received a sentence of less than five years in prison. For all other types of eligible offenders, there is no termination date set for filing subsequent motions for judicial release. R.C. § 2929.20(B)(1)(b) allows a defendant who received a five-year prison term, and who committed fourth and fifth degree felonies, to file a motion at any time after four years of the sentence has been served. R.C. § 2929.20(B)(1)(c) allows a defendant who received more than five years but not more than ten years in prison, and who committed fourth and fifth degree felonies, to file at any time after five years. R.C. § 2929.20(B)(2) permits those who committed first, second or third degree felonies to file a motion for judicial release at any time after 180 days has passed. R.C. §2929.20(B)(3) and (B)(4) are similar to R.C. § 2929.20(B)(1)(b) and (c), and allow a motion for judicial release to be filed after four years and after five years, respectively, with no time limit set for filing subsequent motions. No obvious rationale can be found in the sentencing statutes as to why R.C. § 2929.20(C) should be interpreted to impose more stringent requirements for filing subsequent motions for judicial release only on those defendants who have committed fourth and fifth degree felonies and who have received a sentence of less than five years in prison. Logically, these are the very offenders who should be most amenable to judicial release.
 {¶ 66} We have already noted that the third sentence of R.C. §2929.20(C) does not expressly state that subsequent motions for judicial release must be "timely" filed as defined by R.C. § 2929.20(B). On the other hand, the first sentence of R.C. § 2929.20(C) permits a trial court to hold a hearing on a motion for judicial release only if a timely motion (as defined by R.C. § 2929.20(B)) has been filed. If R.C. §2929.20(B) refers solely to the first motion for judicial release, as appears from our analysis above, then paragraph (C) requires only the first motion for judicial release to be "timely" as defined by paragraph (B). Any subsequent motions would either be timely filed by definition (because one timely motion had previously been filed), or be barred altogether because the trial court denied a motion for judicial release after conducting a hearing on the matter. Thus, the use of the word "timely" in the first sentence of paragraph (C) does not render Appellant's subsequent motions untimely because his first motion for judicial release was clearly submitted within the time frame set forth in R.C. § 2929.20(B)(1)(a).
 {¶ 67} We are mindful that Appellant's interpretation of R.C. §2929.20(B) and (C) is one possible interpretation of the statute. The mere possibility, though, that subsequent motions for judicial release filed under R.C. § 2929.20(C) must adhere to the time frame described in R.C. § 2929.20(B)(1)(a) is not enough for us to conclude that the statute should or must be so interpreted. Given the rules of statutory interpretation noted earlier, we are compelled to interpret the provisions of R.C. § 2929.20(C) as giving the trial court the discretion to entertain subsequent motions for judicial release beyond the 30 to 90-day window listed in R.C. § 2929.20(B)(1)(a). The statute is ambiguous, and we are directed under the rule of lenity to interpret that ambiguity in favor of the accused. The broad purposes of the sentencing statute, as well as basic principles of fairness, also direct us to interpret the statute so as to allow subsequent filings to be considered so long as the first filing is timely. Finally, this interpretation attempts to give meaning to all aspects of the statute, to interpret it as it is actually written, and to put the disputed section of the statute in the context of the larger felony sentencing scheme. For all of these reasons, we are not persuaded by Appellant's arguments under the first subissue presented in this appeal.
 Subissue Number Two {¶ 68} Appellant argues that the trial court held an impermissible second hearing on July 20, 2004, and it was after that second hearing that Appellee's motion for judicial release was granted. Appellant contends that a second hearing is not permitted under R.C. § 2929.20(C), which states in pertinent part:
 {¶ 69} "If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender."
 {¶ 70} Appellant is correct that the judicial release statute limits a defendant to one hearing. If the court decides to grant a hearing and then denies the motion for judicial release, that one hearing brings about the end of further proceedings. After hearing, should the trial court overrule the defendant's motion for judicial release, the court does not have the authority to entertain further motions for judicial release. State. v. Baker (June 5, 2000), 12th Dist. No. CA2000-01-002.
 {¶ 71} It is apparent from the record before us, that the July 20, 2004, hearing was a continuation of the hearing that began on June 29, 2004, and was not a separate hearing. The trial judge specifically stated that the June 29, 2004, hearing was "recessed." (6/29/04 Tr., p. 17.) Black's Law Dictionary defines "recess" as "a short interval or period of time during which the court suspends business, but without adjourning." Black's Law Dictionary (6th Ed. 1990) 1269. A recess may be for a few minutes, or a day, or many days. City of Cleveland Heights v. Perryman
(1983), 8 Ohio App.3d 443, 444, 457 N.E.2d 926; City of Wadsworth v.Gairing (1987), 41 Ohio App.3d 126, 127, 534 N.E.2d 917; State v.Fouty (1996), 110 Ohio App.3d 130, 135, 673 N.E.2d 681. Because the hearing was merely in recess, the proceedings on July 20, 2004, must be viewed as part of the initial hearing process.
 {¶ 72} Furthermore, the transcript of the July 20, 2004, hearing reveals that the parties and the trial judge all considered the matter as a continuation of the June 29, 2004, hearing. At the beginning of hearing the prosecutor stated that, "[w]e are here this morning for a continued hearing on the motion for judicial release * * *." (7/20/04 Tr., p. 2.) No one raised an objection to this assertion. Nor did Appellant's attorney raise any objection that the hearing violated R.C. § 2929.20(C). During the continued hearing, the trial court explained that he abruptly ended the June 29, 2004, hearing because the attorneys were carrying on a full conversation while the judge was speaking, and that this conversation was disrespectful to the court. (7/20/04 Tr., p. 7.) There was no indication that the parties had completed their presentation of evidence or their arguments, or that the court was satisfied that the reason for conducting the hearing had been achieved. There is certainly no indication that the trial court had come to any conclusions as to the merits of granting or denying the motion for judicial release after the June 29, 2004, hearing was recessed.
 {¶ 73} There is nothing in R.C. § 2929.20 that would require a judicial release hearing to take place all in one day. The hearing provided for in R.C. § 2929.20 may be postponed or continued, similar to any other hearing. See, e.g., State v. Anderson (Oct. 6, 2000), 11th Dist. No. 98-A-0110.
 {¶ 74} Furthermore, the judicial release statute only prohibits the trial judge from conducting a second hearing if the court subsequently, "denies [the] motion after a hearing[.]" The trial judge in the instant case did not deny Appellee's motion after the June 29, 2004, hearing. As the Fifth District Court of Appeals has pointed out, R.C. § 2929.20(C), "envisions that the bar to successive judicial release motions arises after the first of such motions is actually denied after a hearing. In other words, the text envisions that `hearing' must be sealed with a final decision." State v. Sherman (June 20, 2001), 5th Dist. No. 01 CA 3 at *2. In the instant case, the trial judge did not issue a ruling after the June 29, 2004, hearing, and thus, was not barred from continuing the hearing to July 20, 2004. For all of these reasons, we also reject Appellant's arguments under the second subissue.
 {¶ 75} Neither of Appellant's arguments is persuasive, and we therefore overrule Appellant's sole assignment of error. We hereby affirm the judgment of the Mahoning County Court of Common Pleas in full.
Vukovich, J., concurs.
DeGenaro, J., dissents; see dissenting opinion.