[Cite as *State v. Yeager*, 2010-Ohio-3162.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    10 CA 866 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS. - | ) | O P I N I O N |
| | ) | |
| ANN YEAGER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Municipal Court,
                                  Case No. TRD 0901774.


JUDGMENT:                         Affirmed.


APPEARANCES:
For Plaintiff-Appellee:           Attorney Donald Burns
                                  Prosecuting Attorney
                                  Attorney John Childers
                                  Assistant Prosecuting Attorney
                                  11 East Main Street
                                  Carrollton, Ohio  44615


For Defendant-Appellant:          Ann Yeager, *Pro se*
                                  3546 Steubenville Road, SE
                                  Amsterdam, Ohio  43903


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                  Dated:  June 28, 2010

VUKOVICH, P.J.

**¶{1}** Defendant-appellant Ann Yeager appeals the decision of the Carroll County Municipal Court finding her guilty of failing to stop at a stop sign in violation of R.C. 4511.43(A), a minor misdemeanor. In her *pro se* brief, Yeager argues that the trial court incorrectly determined that she was required to stop at the stop sign. The issue at the heart of this appeal is whether R.C. 4511.43(A) gives the driver discretion to determine whether to stop at a stop sign when no traffic is coming. We answer that question in the negative. Pursuant to R.C. 4511.43(A), the driver is required to come to a complete stop and that requirement is not discretionary. Accordingly, the judgment of the trial court is hereby affirmed.

<u>STATEMENT OF CASE</u>

**¶{2}** On December 1, 2009, at approximately 5:45 p.m. Yeager was cited for failing to stop at the stop sign on Bacon Road at the intersection of State Route 43 in Carroll County, Ohio. Bacon Road runs perpendicular to State Route 43 and the intersection creates a T. Tr. 14. It is undisputed that there is a valid visible stop sign on Bacon Road at the intersection. Yeager pled not guilty to the charge and the case proceeded to trial.

**¶{3}** At trial, Patrolman Robert Grubb, the citing officer, testified that Yeager did not stop at the stop sign at that intersection, but proceeded to turn right onto State Route 43 going about 10 miles per hour through the stop sign. Tr. 6-7. Yeager admitted that she did not stop at the stop sign and further added that she never stops at that stop sign when there is no traffic present. Tr. 25-26.

**¶{4}** Her argument at trial as to why she should not be found guilty was that she exercised due care in turning right without stopping. She contended that Ohio Revised Code Chapter 4511 allows drivers to exercise their discretion. Additionally, she argued that one is permitted to turn right on red at a traffic signal and that law should equally apply to stop signs:

**¶{5}** "A. [Yeager] I'm not saying that Ann Yeager in particular I'm saying that the total premise of the code forty five (45) is to exercise due care that uh the stop sign is not about one particular person when you see that you have oncoming, no oncoming traffic and there is premise [sic] that you can turn right on red at an

electronic signal with traffic coming as long as you exercise due care. These are things that are reasonable and ordinary and a prudent man would consider. When you can see a half mile out and see that there's no approaching traffic in your lane to turn right should be permitted and that that is just a guide to intersecting traffic and I'm seeing that across the board and the premise of not only court rulings but in the total code." Tr. 28.

¶{6} After hearing both the state's and Yeager's arguments, the court found Yeager guilty of the offense with which she was charged. It noted that R.C. 4511.43(A) uses the word shall and does not permit driver discretion to determine whether to stop at a stop sign. Tr. 34; 12/31/09 J.E. Yeager was then fined $50 plus court costs. Tr. 35; 12/31/09 J.E. Yeager requested that the fine be suspended pending appeal. The trial court granted the request. 01/21/10 J.E. Yeager timely appealed the trial court's decision.

ASSIGNMENTS OF ERROR ONE THROUGH SEVEN

¶{7} "1. FAILURE TO CONSIDER – SCOPE OF EXISTING DECISIONS – RELIEVING DUTY TO COMPLY – REASING QUESTION OF STRICT SCRUTINY'S PROPER APPLICATION. SCOPE INCLUDES: COURT DECISIONS; LEGISLATIVE INTENT AND PREMISE; OBJECT OF LAW; AND CIRCUMSTANCES OF: APPLIED REASONABILITY; APPLIED PRUDENT BEHAVIOR (DISCRETION); OBSERVATION; NO ONE THREATENED/ENDANGERED. (RECORD, PP 15-18; 26-28; 34)

¶{8} "2. FAILURE TO CONSIDER – DUE CARE – AS INHERENT WITHIN (TRAFFIC CODE) DIVISION; APPLIED, THEREFORE, APPLIED TO SPECIFIC SECTION (4511.43A), EVEN THOUGH NOT SPECIFICALLY STATED ON ITS FACE. (RECORD: P 16)

¶{9} "3. FAILURE TO CONSIDER – IMPLIED ELEMENT OF DISCRETION – AS INHERENT WITHIN (TRAFFIC CODE) DIVISION; APPLIED, THEREFORE, TO SPECIFIC SECTION (4511.43A), EVEN THOUGH NOT STATED ON ITS FACE. (RECORD: P 34)

¶{10} "4. PREJUDICIAL ERROR – TO RIGHT OF DEFENDANT/APPELLANT – TO CROSS-EXAMINE STATE'S WITNESS, WITH QUESTIONS REGARDING HIS EXPERT-AND-REASONABLE OPINION, AND OBSERVATION. (RECORD: P 11; 15)

¶{11} "5.  PREJUDICIAL ERROR – TO ALLOW PROSECUTION'S OPINION TO RULE – IN STEAD [SIC] OF THE JUDGMENT OF THE COURT.  (RECORD P 16)

¶{12} "6.    ERROR IN JUDICIAL DISCRETION – TO RETAIN HIS IMPARTIALITY – AS SOLE MEMBER OF THE JURY.  (THE EASE OF WHICH THE TRIER-OF-FACT SOLICITS PROSECUTION'S OPINION (P 16) – RAISES QUESTIONS OF PREEMPTORY CHALLENGE:   DOES TRIER-OF-FACT'S ASSOCIATION WITH THE SMALL AND INTIMATE MEMBER-SETTING OF THE CARROLL COUNTY BAR ASSOCIATION – UNDULY INFLUENCE HIS ABILITY TO REMAIN IMPARTIAL – TO DECIDE IN FAVOR OF DEFENDANT/APPELLANT?  IS IT A NATURAL REACTION FOR TRIER-OF-FACT TO SOLICIT AMONG HIS PEERS, EVEN WHEN THEY APPEAR IN FRONT OF THE TRIER-OF-FACT'S COURT?) (RECORD:  P 16)

¶{13} "7.  FAILURE TO ADMIT EVIDENCE."

¶{14} When looking at the arguments as they are laid out, the complained of error at the heart of this appeal is that the trial court failed to consider that appellant acted with due care.  Yeager contends that R.C. 4511.43(A) allows her to not stop at a stop sign if she acted with due care and thus, since in her opinion she exercised due care, she cannot be guilty of R.C. 4511.43(A).  The state on the other hand contends that R.C. 4511.43(A) does not give the driver any discretion in stopping at a stop sign.

¶{15} The argument presented requires this court to examine the language of R.C. 4511.43(A) and determine whether it permits driver discretion in stopping at a stop sign.  Consequently, since we are interpreting a statute, the standard of review utilized by this court on appeal is de novo.  *State v. Best*, 7th Dist. No. 04MA203, 2005-Ohio-4375, ¶34.  The de novo standard of review means we review the statute without any deference to the trial court's interpretation of that statute.  Id.

¶{16} That said, we note that Yeager discusses at length another legal standard of review, abuse of discretion, and requests that this court change the term to "Failure to Consider."  Under an abuse of discretion standard of review deference is given to the trial court's decision and that decision will not be reversed unless the judgment is arbitrary, unreasonable or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.  However, as stated above, we are giving no deference to the trial court's interpretation of the statute and are reviewing under a de novo

standard of review. Thus, Yeager's arguments regarding the abuse of discretion standard of review are not addressed because that is not the standard of review we are employing.

¶{17} Having set forth the applicable standard of review, we now turn to R.C. 4511.43(A) and its requirements. It reads as follows:

¶{18} "(A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."

¶{19} In reviewing a city ordinance's requirement to stop at a stop sign, the Ohio Supreme Court has held that requirement "is specific and mandatory." *Kettering v. Greene* (1966), 9 Ohio St.2d 26. That case dealt with failing brakes and the Court concluded that failing brakes was not a legal excuse for failing to stop. The city ordinance in question in *Kettering* used the words "shall stop" just like the statute at issue in our case. Consequently, based on the Supreme Court's decision alone it can be determined that the requirement to stop is mandatory and that there is no driver discretion in determining whether to stop at a valid visible stop sign.

¶{20} But our analysis does not need to stop at that point, even without the Supreme Court's decision, it is clear when looking at the statutory language of R.C. 4511.43, stopping at a stop sign is mandatory, not discretionary.

¶{21} In looking at the language of R.C. 4511.43(A) it is observed that the general assembly used the words **shall stop**.

¶{22} Under the statutory rules of construction, the word shall is usually interpreted in its ordinary usage; the use of the word shall makes the provision in which it is used mandatory, especially when used frequently. *Bergman v. Monarch Constr. Co.,* 124 Ohio St.3d 534, 2010-Ohio-622, ¶16, citing *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107. However, there are instances

where the word shall may be construed as permissive rather than mandatory. *Dorrian*, 27 Ohio St.2d 102, paragraph one of the syllabus. Such construction can only occur when there is "a clear and unequivocal legislative intent" that the word shall is to receive a construction other than its ordinary usage. Id.

¶{23} In reviewing R.C. 4511.43 as a whole, we find that there is no clear and unequivocal legislative intent that the use of the word shall is meant to be permissive rather than mandatory. Section A, quoted above, permits some driver discretion in determining where to stop when there is no stop line or a crosswalk. That said, nothing in section A indicates that discretion also applies to the mandate of stopping at the stop sign. Likewise, section B also indicates that the word shall is mandatory. This section provides what is required of a driver at a yield sign:

¶{24} "The driver of a vehicle or trackless trolley approaching a yield sign shall slow down to a speed reasonable for the existing conditions and, if required for safety to stop, shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After slowing or stopping, the driver shall yield the right-of-way to any vehicle or trackless trolley in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways. Whenever a driver is involved in a collision with a vehicle or trackless trolley in the intersection or junction of roadways, after driving past a yield sign without stopping, the collision shall be prima-facie evidence of the driver's failure to yield the right-of-way."

¶{25} This section provides no driver discretion in slowing down as he or she approaches the yield sign or in stopping if safety requires. However, it does provide driver discretion in what is a reasonable speed to slow down to and whether safety requires stopping.

¶{26} Consequently, considering both sections of R.C. 4511.13, we must conclude that the general assembly, in designating certain actions discretionary and certain actions mandatory, knew what it was doing. If the "shall stop" in section A is interpreted as permissive rather than mandatory, a stop sign would be equivalent to a yield sign and thus, there would be no need for the legislature to define what is

required for each sign.  In fact, there would be no need to have a yield sign at all.  Hence, in order to give each section of R.C. 4511.43 a meaning, the word shall must be construed as mandatory.

¶{27}  Additionally, in support of the position that R.C. 4511.43 mandates a vehicle to stop at a stop sign, the Ohio Manual of Uniform Traffic Control Devices (OMUTCD) states, "When a sign is used to indicate that traffic **is always required to stop**, a STOP sign shall be used."  Section 2B.04 of OMUTCD (Emphasis added).  While the OMUTRD is not law, R.C. 4511.09 requires the Ohio Department of Transportation to adopt such a manual for signs and control devices used in Ohio.  Thus, OMUTCD's indication that traffic is always required to stop at a stop sign is persuasive authority that it is not within the driver's discretion to determine whether to stop at a stop sign.

¶{28}  Despite the clear language of the statute, Yeager additionally argues that R.C. Chapter 4511 in general permits a driver to use due care and driver discretion.  She cites to some statutes under R.C. Chapter 4511 that permit driver discretion.  Yeager is correct that some statutes in R.C. Chapter 4511 give the driver discretion.  For instance, R.C. 4511.34 provides that a driver shall not follow "more closely than is reasonable and prudent, having due regard for the speed of such vehicle * * *, and the traffic upon and the condition of the highway."  This statute clearly provides for driver discretion to act as a reasonable person.  The statute at hand when mandating to stop at a stop sign does not include this type of language, rather it uses the mandatory word shall.  This shows us that the legislature knows how to dictate what is within a driver's discretion and what is not.  Thus, the fact that some statutes do give driver discretion does not indicate that all statutes in this Chapter give the driver discretion.

¶{29}  Yeager also makes an argument that a person can turn right on red with traffic coming as long as due care is exercised.  It appears she is arguing that since a driver has the discretion to act that way at a red light, the same should apply to a stop sign.  Her argument lacks merit.  As the trial court noted, arguments about what can be done at a signal are not analogous to what is permitted at a sign.  While some statutes apply to stop signs and signals, others clearly only apply to one or the other.  For instance, R.C. 4511.13 through R.C. 4511.15 clearly addresses signals only.

**¶{30}** However, even if it is analogous, the ability to turn right on red does not help Yeager's argument. The only way that the analogy of turning right on red could support her argument that she does not have to stop at the stop sign before turning right when no traffic is coming, would be if there is no requirement to stop prior to turning right on red. R.C. 4511.13(C)(2) clearly indicates that when a driver is facing a steady red light, the driver may cautiously turn right on red **after stopping**. There is no discretion in the statute for the driver to stop at the continuous red light, it is mandatory. The only discretion the driver has in turning right on red is after the stop to cautiously turn right. Consequently, if turning right on red is analogous to turning right at a stop, it does not support Yeager's position. Rather, it supports the conclusion that there is no discretion in whether to stop at a stop sign.

**¶{31}** In addition to the above arguments, Yeager's brief also contains an argument about evidence that she wished to be admitted at trial to show that she acted with due care in not stopping at the stop sign. The evidence was a map that showed the point where she could see that there was no traffic on State Route 43, the road onto which she was turning. This evidence was not relevant because, as stated above, there is no discretion for a driver to determine that since no traffic is coming he or she does not have to stop at a stop sign.[1]

**¶{32}** Lastly, Yeager cites many cases in her brief that she contends support her position. Most of those cases are out of state cases. Even if these cases specifically held that a driver has discretion to not stop at a stop sign, they do not provide binding authority for this court and do not indicate that the Ohio Supreme Court's *Kettering* case is inapplicable. Furthermore, the one court case that Yeager cites from our district, *State v. Drogi* (1994), 96 Ohio App.3d 466, does not provide a basis for reversal for two reasons. First, *Drogi* is a DUI case and dealt with whether the officer had a reasonable and articulable suspicion to stop *Drogi*. The case at hand is not a DUI case and does not deal with whether the stop was warranted.[2] Thus, it is not relevant to the determination of whether R.C. 4511.43(A) allows for driver discretion in stopping at a stop sign. Second, even if it was relevant, *Drogi* is no

---

[1]There were photographs admitted into evidence which could show almost the equivalent of the map. It showed the sight lines from Bacon Road onto State Route 43.
[2]Yeager was stopped for violating a statute, which permits the stop.

longer good law.  This court overruled the *Drogi* holding in *State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053.

¶{33} In conclusion, R.C. 4511.43(A) does not grant drivers the discretion to not stop at a stop sign when turning right when there is no oncoming traffic.  That conclusion renders all other arguments asserted in the pages and pages of argument in her brief moot and, thus, we will not address them.  The trial court correctly determined that Yeager was guilty of the offense.

¶{34} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, J., concurs.